# EXHIBIT A

The information available on Case.net is provided as a service and is not considered an official court record.

Case.net:2622-AC06221 - KIERRA S MARTIN V EXETER FINANCE (E-CASE) - Docket Entries

| **Respond to Selected Documents** |      **Sort by date:** Descending Ascending          **Display options:** All Entries    ⌄

**05/29/2026**

**Ord Transfer P/Judge for Assn**

Cause assigned to Division # 29 for JURY DEMAND see court order So Ordered: Theresa Burke, Duty Judge

**Hearing/Trial Cancelled**

    **Associated Entries: 05/12/2026 - Hearing Scheduled**

    **Scheduled For:** 06/22/2026; 9:30 AM; NICOLE JEAN COLBERT BOTCHWAY; City of St. Louis

**Order for Change of Judge**

Request of change of judge granted (see order for details) SO ORDERED JUDGE Nicole Colbert-Botchway

**05/14/2026**

**Summ Issd- Assc Pers Serv O/S**

Document ID: 26-ASOS-306, for EXETER FINANCE

**Correspondence Filed**

**Ord Allow In Forma Pauperis**

**Confid Filing Info Sheet Filed**

**05/12/2026**

**Hearing Scheduled**

    **Associated Entries: 05/29/2026 - Hearing/Trial Cancelled**

    **Scheduled For:** 06/22/2026; 9:30 AM; NICOLE JEAN COLBERT BOTCHWAY; City of St. Louis

**Judge Assigned**

**05/11/2026**

**Petition Filed - No Fees**



FILED
MAY 11 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
2026 MAY 11 PM
BY_____ DEPUTY

**IN THE 22ND JUDICIAL COURT, CITY OF ST. LOUIS, MISSOURI**

KIERRA SHANTA MARTIN,　　　　　)
　　　*6 Canidral Way*　　　　　)
　　Plaintiff, *Suite 900 St. Louis MO 63102*　　)
　　　　　　　　　　　　　　　)　　Case No.: 2~~322-CC09582~~
　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　)　　*2622-AC06227*
　　　　　　　　　　　　　　　)
　　　　　　*2250 W John*　　　)
EXETER FINANCE, *Carpenter, Freeway*　)
　　　　　*Irving Texas*　　　)
　　Defendant. *75063*　　　　)

## COMPLAINT

AND NOW, comes the Plaintiff, Kierra Shanta Martin, by and through herself, *pro se*, to file the instant complaint and in support thereof avers as follows:

### NATURE OF THE ACTION

1. This is an action for damages and equitable relief arising from Defendant Exeter Finance's wrongful reporting of a fraudulent auto loan on Plaintiff's credit reports and its unlawful withholding of the vehicle title. Despite Plaintiff's efforts to resolve the issue, Defendant continues to maintain inaccurate and damaging credit information in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and refuses to release the title to Plaintiff's vehicle. Plaintiff seeks an order requiring Defendant to remove the fraudulent loan from all credit reporting agencies and to release the vehicle title, along with damages, attorney's fees, and other relief as the Court deems appropriate.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims arise under the Fair Credit Reporting Act (FCRA), a federal statute.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant conducts business in this district.

## PARTIES

4. Plaintiff, Kierra Shanta Martin, is an individual residing in the City of St. Louis, Missouri.

5. Defendant, Exeter Finance, is a financial services company engaged in providing automobile loans and related financial services and doing business within the Eastern District of Missouri.

## FACTUAL ALLEGATIONS

6. Plaintiff, Kierra Shanta Martin, is the registered owner of a motor vehicle financed through Defendant Exeter Finance.

7. Plaintiff did not knowingly or validly authorize the auto loan or agrees that the loan was improperly reported and subsequently written off by Defendant.

8. Despite this, Defendant reported the auto loan account as outstanding and delinquent to various credit reporting agencies, causing damage to Plaintiff's credit reputation.

9. Plaintiff made repeated requests to Defendant to investigate and correct the inaccurate and fraudulent reporting of the auto loan, including requests to remove the account from her credit reports.

10. Defendant failed to conduct a reasonable investigation or correct the false information, in violation of its obligations under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

11. Defendant continues to withhold the title to the vehicle without lawful justification, preventing Plaintiff from exercising full ownership and control over her property.

12. As a direct and proximate result of Defendant's actions, Plaintiff has suffered financial harm, emotional distress, and damage to her creditworthiness.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 ET SEQ.

13. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Defendant Exeter Finance is a "furnisher" of information as defined by the FCRA and is obligated to provide accurate information to consumer reporting agencies.

15. Defendant reported inaccurate and fraudulent information regarding Plaintiff's auto loan account to one or more credit reporting agencies.

16. Plaintiff disputed the accuracy of the reported information and requested Defendant to investigate and correct the inaccurate information.

17. Defendant failed to conduct a reasonable investigation of Plaintiff's disputes and failed to correct or delete the inaccurate information.

18. Defendant's failure to comply with its duties under the FCRA caused Plaintiff actual damages, including harm to her credit reputation, emotional distress, and financial loss.

19. Defendant's conduct was willful and negligent, entitling Plaintiff to recover actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and 1681o.

20. Based on the foregoing, Plaintiff requests judgment against Defendant as follows:

- a. Actual and statutory damages;

- b. Punitive damages;

- c. Attorney's fees and costs;

- d. Pre- and post-judgment interest; and

- e. Such other relief as the Court deems just and proper.

## COUNT II

## CONVERSION

21. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Plaintiff is the lawful owner of the motor vehicle at issue and is entitled to possession of the vehicle's title.

23. Defendant wrongfully and unlawfully retained possession of the vehicle title, depriving Plaintiff of her property without her consent or lawful justification.

24. Defendant's wrongful withholding of the vehicle title has interfered with Plaintiff's right to use, possess, and transfer ownership of her vehicle.

25. As a direct and proximate result of Defendant's conversion, Plaintiff has suffered damages, including but not limited to loss of use of the vehicle, financial harm, and emotional distress.

26. Plaintiff respectfully requests judgment against Defendant for actual damages, punitive damages, attorney's fees, costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

27. Plaintiff hereby demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

- For actual damages in an amount to be determined at trial;

- For statutory and punitive damages as allowed by law;

- For attorney's fees and costs of this action;

- For pre-judgment and post-judgment interest as allowed by law;

- For an order compelling Defendant to remove all inaccurate and fraudulent information related to the auto loan from Plaintiff's credit reports;

- For an order compelling Defendant to release the title to the vehicle to Plaintiff; and

- For such other and further relief as the Court deems just and proper.

DATED: April 16, 2026                                 Respectfully Submitted,

State of Missouri, City of St. Louis (ss)

On this 11 day of May in the year 2026, before me, the undersigned notary public, personally appeared

Kierra Martin

known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained. In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

PETER M GUTH
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Feb. 28, 2029
Commission # 21040709



# TWENTY-SECOND JUDICIAL CIRCUIT OF MISSOURI
## CITY OF ST. LOUIS

THOMAS KLOEPPINGER
CIRCUIT CLERK

## MAY 14, 2026

**Cause Number: 2622-AC06221**

Dear KIERRA SHANTA MARTIN

Please find enclosed herein, two (2) copies of the summons with attached Petition in regard to the above cause number.

You must forward both copies to the **DALLAS COUNTY, TX SHERIFF'S DEPARTMENT** or other process server in the county and state where you are attempting to serve the defendants.

As the summons must be served within thirty (30) days of issue date, it is very important that you do this as soon as possible or the summons will expire.

Sincerely,

THOMAS KLOEPPINGER
Circuit Clerk

By: M MCMULLEN
Deputy Clerk



# FILED AS POOR PERSON

# Summons for Personal Service Outside the State of Missouri (Associate Division Cases)

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number: 2622-AC06221 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KIERRA SHANTA MARTIN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>KIERRA SHANTA MARTIN<br>6 CARDINAL WAY<br>SUITE 900<br>ST. LOUIS, MO  63102 | |
| Defendant/Respondent:<br>EXETER FINANCE | Date, Time and Location of Court Appearance:<br>**MONDAY**<br>**22-JUN-2026, 09:30 AM**<br>**Division 27**<br>**CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO  63101** | (Date File Stamp for Return) |
| Nature of Suit:<br>AC Contract-Other | | |

| The State of Missouri to:  EXETER FINANCE | |
|---|---|
| **Alias:**<br>**2250 W JOHN CARPENTER. FWY**<br>**IRVING, TX  75063** | **DALLAS COUNTY, TEXAS** |

You are summoned to appear before this court on the date, time, and location above to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

**COURT SEAL OF**

**CITY OF ST LOUIS**

May 14, 2026
Date

Clerk

**Further Information:**

Case Number: 2622-AC06221

## Officer's or Servers Affidavit of Service

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _____ of _____ County, _____ (state)

3. I have served the above Summons by: (check one)

   ☐ delivering a copy of the summons and petition to the defendant/respondent.

   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and petition to:

   _____ (name) _____ (title)

   ☐ other: _____.

Served at _____ (address) in _____ County, _____ (state) on this _____ (date) at _____ (time).

_____  _____
Printed Name of Officer or Server      Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one)
   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (CITY OF ST. LOUIS)

FILED
MAY 29 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERKS OFFICE
BY _____ DEPUTY

_Kierra Shata Mann_

VS

_Exeter Finance_

CASE NO. 2622-AC0622 DIVISION 27         May 28        2026

---

## ORDER/JUDGMENT/MEMORANDUM

Request of Change of Judge

Kierra Shata W
6 Cardinal Way
Suite 900
St. Louis, MO 63102

Granted

So Order

_[signature]_
5-29-26

FORM 14 (Rev 11/02)