UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIERRA SHANTA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00979-CMS |
| | ) | |
| EXETER FINANCE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Exeter Finance LLC's Motion to Dismiss (Doc. 6). For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

**BACKGROUND**

**I. Factual Background**

The following allegations from Plaintiff Kierra Shanta Martin's *pro se* Complaint, (Doc. 1-1), are accepted as true for purposes of this Order. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025).

Plaintiff is the registered owner of a motor vehicle financed through Defendant Exeter Finance LLC. (Doc. 1-1 ¶ 6). Defendant is a financial services company engaged in providing automobile loans and related financial services. *Id.* ¶ 5. Plaintiff claims she "did not knowingly or validly authorize the auto loan or agrees [sic] that the loan was improperly reported and subsequently written off by Defendant." *Id.* ¶ 7. "Defendant reported the auto loan account as outstanding and delinquent to various credit reporting agencies, causing damage to Plaintiff's credit reputation." *Id.* ¶ 8. Plaintiff made repeated requests to Defendant to investigate and correct the allegedly fraudulent credit report, "including requests to remove the account from her reports."

*Id.* ¶ 9. Plaintiff claims "Defendant failed to conduct a reasonable investigation or correct the false information, in violation of . . . the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) [(FCRA)]." *Id.* ¶ 10.

Defendant allegedly "continues to withhold the title to the vehicle without lawful justification, preventing Plaintiff from exercising full ownership and control over her property," and has caused Plaintiff "financial harm, emotional distress, and damage to her creditworthiness." *Id.* ¶¶ 11–12.

**II. Procedural Background**

On May 11, 2026, Plaintiff filed her *pro se* Complaint in the 22nd Judicial Circuit, the City of St. Louis, alleging two counts: Defendant's violation of the FCRA by reporting "inaccurate and fraudulent information" and failing "to conduct a reasonable investigation of Plaintiff's disputes" (Count I); and Conversion, by Defendant wrongfully and unlawfully retaining possession of the vehicle title (Count II). (Doc. 1-1).

On June 19, 2026, Defendant filed its Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1).

On June 24, 2026, Defendant filed its Motion to Dismiss with prejudice, arguing (1) Count I fails as a matter of law because it is conclusory and Defendant's duties under the FCRA are triggered only by notice from a consumer reporting agency (CRA); and (2) Count II fails as a matter of law because it is barred by *res judicata* and otherwise fails to state a claim. (Doc. 7 at 8–12).

On July 31, 2026, Plaintiff filed her Reply to Defendant's Motion to Dismiss (Doc. 13) and a Memorandum in Opposition (Doc. 14), each a single-page, handwritten document seeming to request supplemental pleading, the addition of exhibits to the case file, and leave to amend the

Complaint. On August 7, 2026, Defendant filed its Reply to Response to Motion to Dismiss (Doc. 15) and, on August 28, 2026, Plaintiff filed another, similar, Memorandum in Opposition (Doc. 16).

**LEGAL STANDARDS**

**I. Motion to Dismiss**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . to give the defendant fair notice of . . . the claim . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id.*

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken*, 140 F.4th at 450. That said, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The Court's analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

### I. Abandonment of Claims

At the outset, Plaintiff has abandoned her claims. "Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." *Little v. U.S. Dep't of Def.*, No. 4:21-cv-1309-JAR, 2022 WL 13302769, at *3 (E.D. Mo. May 2, 2022).

As explained in more detail below, Defendant's Motion to Dismiss (Doc. 6) raises substantive legal questions regarding Plaintiff's ability to state a plausible claim. Plaintiff's responses offer only legal conclusions, at best. (Docs. 13 and 14). For example, in her initial "Reply," Plaintiff argues only, "Objection to defendant[']s Response Motion to Dismiss on any alleged factual allegations. Request case remain on docket to next stage. And discovery." (Doc. 13). The extent of Plaintiff's argument in her Memorandum in Opposition is "objection to motion to dismiss[.] Claims are legally sufficient." (Doc. 14). In her second Memorandum in Opposition, Plaintiff argues the Complaint "contains enough factual matter to state a claim for relief that plausible on its face/Twombly/Iqbal federal pleading standard" and "outlines required legal elements for specific cause of action filed." (Doc. 16).

Because Plaintiff has offered no substantive response to the merits of Defendant's arguments, the Court concludes that Plaintiff has abandoned her claims. *Little*, 2022 WL 1302759, at *3.

### II. Count I

Even setting aside Plaintiff's abandonment of her claims, she has failed to state a claim for an FCRA violation in Count I of her Complaint. In that count, Plaintiff claims Defendant reported inaccurate and fraudulent information regarding Plaintiff's auto loan account to one or more

CRAs, Plaintiff disputed the accuracy of the information, and Defendant failed to conduct a reasonable investigation of Plaintiff's disputes and failed to correct or delete the inaccurate information in violation of the FCRA. (Doc. 1-1 ¶¶ 15–18).

To establish a private right of action claim against a credit furnisher for violating 15 U.S.C. § 1681s-2(b), a plaintiff must establish: (1) "a dispute with regard to the completeness or accuracy of any information" shared with a CRA; (2) notice of the dispute from a CRA to the furnisher; and (3) that the furnisher failed to investigate the dispute, correct the information, or notify the CRA. 15 U.S.C. §§ 1681s-2(b)(1), 1681i(a)(2); *Foster v. Exeter Fin. LLC*, No. 4:18-cv-1014-CDP, 2018 WL 6524007, at *2 (E.D. Mo. Dec. 12, 2018). The FCRA provides a cause of action for both negligent noncompliance and willful noncompliance. *See Foster*, 2018 WL 6524007, at *2; 15 U.S.C. §§ 1681o, 1681n.

Plaintiff's Complaint "is barren of facts necessary to raise [her] FCRA claim . . . above a speculative level." *Foster*, 2018 WL 6524007, at *2. "The complaint does not allege how Exeter reported incorrect, incomplete, or inaccurate information; the complaint also fails to mention how Exeter failed to conduct an investigation or report the underlying credit dispute." *Id.*

What is more, Plaintiff insists she "made repeated requests *to Defendant*," not to a CRA. (Doc. 1-1 ¶ 9) (emphasis added). Because Plaintiff allegedly reported directly to Defendant rather than a CRA, Defendant's duties under the FCRA were never triggered. *See Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011) ("[T]he duties of EMC as a furnisher of credit information under 15 U.S.C. § 1681s–2(b) are triggered by notice that its information is being disputed from a CRA, not from the consumer."); *Basham v. Midland Funding, LLC*, No. 4:15-cv-30-CDP, 2022 WL 1125500, at *10 (E.D. Mo. Apr. 15, 2022) ("A cause of action arises under §

1681s-2(b) only if the furnisher received notice from a CRA, not from the consumer, that the credit information is in dispute.").

The Complaint lacks a factual basis to support an FCRA violation and fails to state a claim for negligent or willful noncompliance. Accordingly, Count I will be dismissed.

## III. Count II

Plaintiff likewise fails to state a claim for conversion. In Count II, Plaintiff claims Defendant "wrongfully and unlawfully retained possession of the vehicle title, depriving Plaintiff of her property without her consent or lawful justification," and is thereby liable for conversion. (Doc. 1-1 ¶¶ 23–25).

To state a conversion claim under Missouri law, a plaintiff must establish: (1) he is the owner of the property in question, (2) the defendant appropriated the use and possession of such property, (3) such appropriation was unauthorized and wrongful, and (4) the plaintiff was damaged by the appropriation. *Emerick v. Mut. Benefit Life Ins. Co.*, 756 S.W.2d 513, 522–23 (Mo. 1988).

Plaintiff admits she "financed [the vehicle] through Defendant" and claims Defendant has "written off" Plaintiff's debt. (Doc. 1-1 ¶¶ 6–7). Plaintiff does not allege she paid the debt. *Id.* ¶ 7. Thus, Plaintiff appears to argue that Defendant discharged the debt by "writing off" the debt and, therefore, Plaintiff is the sole owner of an unencumbered vehicle.

Writing off a debt, also known as a "charge off," is "a mechanism whereby creditors determine that a debt is unlikely to be repaid by the borrower and, therefore, cannot be collected." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1188 n.5 (11th Cir. 2010). A write off or charge off is neither "the legal equivalent of, nor constitutes, the discharge of such indebtedness"; the debtor remains responsible for the debt and the creditor remains legally entitled to the debt. *In re Zilka*, 407 B.R. 684, 689 (Bankr. W.D. Pa. 2009). Because Plaintiff alleges only that Defendant

has written off the debt, not that Plaintiff paid the debt, Plaintiff remains liable for the debt and Defendant need not release its lien.

Thus, as a matter of law, Defendant has not wrongfully appropriated any property and Plaintiff fails to state a conversion claim. The Court will dismiss Count II.

**IV. Leave to Amend and Dismissal with Prejudice**

In her responses to Defendant's Motion to Dismiss, Plaintiff seems to request leave to amend her Complaint. (Docs. 14, 16). Her request is not properly before the Court. Plaintiff has not filed a motion for leave to amend her Complaint. Nor has Plaintiff submitted a proposed amended complaint, as required by this Court's local rules. *See* E.D. Mo. L.R. 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed."). "The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response . . . ." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-cv-1513-CAS, 2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016) (citing *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674 (8th Cir. 2013)).

At any rate, an amendment to Plaintiff's Complaint would be futile. If an amendment would not "save an otherwise meritless claim," the Court may deny leave to amend as futile. *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016). "Dismissal with prejudice may be warranted if amending the pleading would be futile." *Kraft v. Essentia Health*, 604 F. Supp. 3d 813, 826 (D.N.D. 2022) (citing *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009)). Here, Plaintiff has contacted only Defendant, her creditor, and has not reported any alleged FCRA violation to a CRA. Similarly, her conversion claim cannot be saved

for the simple reason that Plaintiff has not paid her debt. Any amended complaint would be futile and dismissal with prejudice is appropriate. *See Pet Quarters, Inc.*, 559 F.3d at 782.

To the extent Plaintiff seeks leave to amend her Complaint, that request is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**, and this case is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that any other pending motions are hereby **DENIED**.

The Clerk of Court is directed to close this case.

So ordered this 17th day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE